Okay, looks like we're ready for our final argument this morning. 23-1223 United States v. Bradley. Good morning. May it please the court. My name is Eric Klein. I represent Mr. Jason Bradley in this appeal. The question in this compassionate release appeal is not whether there are extraordinary and compelling circumstances that would justify a sentence reduction. The two questions, and they're somewhat related, are one, whether the district court erroneously ignored the facts giving rise to those extraordinary and compelling circumstances in conducting its 3553A analysis, and two, whether the court erred in conducting a 3553A analysis that ignored changes in factual circumstances. Now, there's no question that under this court's precedent, the district court could deny Mr. Bradley's motion based solely on the 3553A factors, but in doing so, the court was required to conduct a proper 3553A analysis. Counsel, I want to focus on the preservation component of this argument. So, Hall does agree with your understanding. Hall requires district courts to consider the extraordinary and compelling circumstances as part of 3553A. Is there a sua sponte obligation to do that, or is that something that the defendant must argue to the court to say, when you're conducting the 3553A analysis, focus, please, on these underlying extraordinary and compelling circumstances? Well, Your Honor, I think that that is part of the court's obligation in conducting the 3553A analysis. And so, when we said the court must conduct a 3553A analysis, that necessarily includes conducting it properly. And so, I think that, and counsel, in the first argument before the court today, talked about how something's a nuance of the argument that was made, and I think that's the same thing here. But I think beyond that, we did make specific arguments about the need to consider these extraordinary circumstances. The district court's order talks about, you know, if compassionate release worked the way that Mr. Bradley says, anyone who serves significant time would be eligible. We had argued, not just that he had served a significant amount of time, but that he served a significant amount of time, and that his children now need him. And so, that is part of that analysis. Where did you make that argument? I mean, what concerns me is that if, unless district courts have an obligation under 3553A to comply with HALD without any sort of argument to support the consideration of extraordinary and compelling circumstances, your mention of the kids and his need to take care of the kids was sort of in connection with your discussion of the release plan. It wasn't an independently articulated basis under 3553A. Maybe I'm misunderstanding it, but I don't see that. Well, I think part of it, I think in reply to the government's argument, there was a specific connection between the amount of time he had served and the need to take care of his children. And that's at volume 2, page 152 in the reply. And so, I think that specific argument was made. Now, did we ever say specifically to the district court, in conducting this 3553A analysis, engage in this, what HALD requires? But there are other parts of a 3553A analysis we didn't walk the district court through. Here's how you have to do a 3553A analysis in this context. And I think that is on the district court. And another problem here is that because there was no hearing in the way this played out, there was no indication to the defense that the district court would engage in this flawed analysis. Is there any difference between, let's say, defense counsel is making an argument under 3553A, doesn't advance an argument on disparity to the district court, and on appeal, does? I'm sorry, I just didn't understand. Doesn't advance an argument? Like under A6 or something, doesn't articulate an argument on disparity. But then on appeal, that argument is made. Would we say, well, you didn't have to So that's how I'm understanding your reading of the district court's requirements to implement HALD. I think it's a difference in kind of the manner in which the court engages in the 3553A analysis, which is, we said, the court needs to engage in a proper analysis, versus the specific legal theories. And so I think that when the government argues waiver, and I don't think really waiver applies here, we're That's where the cases the government relies on of McDonald and Richeson come in, where that was a completely different legal theory on appeal, and really changed things up. And so I think that's where if there was, you know, we're coming here and saying, well, this specific factor, A6, is what it was, that would be a different thing, I think, fall under the government's analysis. But I think there's no question we argued that the court needed to engage in a proper 3553A analysis, which is to specifically say, in this context of the propriety length of the sentence, argued that in the context of the extraordinary and compelling circumstances. And so I think, you know, and Judge Wilson agrees with me. What about the U.S. versus Wilson? How would you respond to that case as really suggesting a different rule? And I'm going to ask your honor, what aspect of Wilson we're talking about? Well, you really don't need to spell out in detail your reasons for concluding that the 3553A factors don't merit compassionate release. Thank you. Well, I think that is somewhat the conception which the Supreme Court decided in 2022. I don't want to say it really changed what district courts are doing, but clarified. And in conception, the Supreme Court said that while district courts don't need to expressly rebut each argument, the court must make clear that it reasoned through the party's arguments. And that's at 142, Supreme Court reporter at 2404. And at 2405, the conceptual court said that the district court is required to demonstrate that it's considered the arguments before it. And so it hauled, actually, this court talked about kind of whether or not the district court could just say denied, or had to do something similar to what it would do at an original sentencing. I think conception clarified that. And so what we have here in the district court's order is nothing indicating that the court actually gave consideration, that it reasoned through these arguments. And so I think that's what we're really lacking on both of our arguments, as far as the facts giving rise to the extraordinary and compelling circumstances, as well as the changed facts and circumstances since the original sentencing. And so I don't think that a district court needs to give a lengthy dissertation refuting each aspect. But it does need to demonstrate, so that there could be meaningful appellate review, it does need to demonstrate that it gave, that it considered and reasoned through the arguments. And you don't think that Judge Brimmer's order here gives adequate information for us to understand the basis for the denial? Correct. I mean, I think that what we have here is, in a five and a little bit page order, the first three pages are just kind of recounting the procedural history. And then we've got two pages of, the first part is just kind of saying, here are the arguments Mr. Bradley makes, but then turning to 3553A factors without showing that the court gave any consideration to those arguments. And really, the only thing that's kind of different since the original sentencing that the court acknowledges is the amount of time that has passed. And that's not really, under our second argument, a changed fact or circumstance, that's just the passage of time. And so those are essentially arguments. We are not asking this court to say that compassionate release isn't appropriate. We're asking this court to remand for the district court to conduct the proper analysis and give this court, if it denies, again, to give this court an appellate record on which it can make an appropriate decision. I mean, I think that we might not be here. Are you aware of any other circuit opinions that have adopted the reasoning that you want us to adopt? On what aspect of the reasoning? Because I think it's from Hauld, and our first argument is from Hauld, our second argument is from Concepcion. So if there's no other questions at this time, I'll reserve my remaining time for rebuttal. Thank you. May it please the court. Jess McKeel for the United States. Your Honors, in Hauld, this court talked about in the compassionate release context that this very busy colleagues. But that's exactly what Mr. Bradley is seeking this court to do on appeal. And with both claims, which he's described as separate but related, he's challenging the level of detail in Judge Brimmer's order. Well, I don't think he's challenging the level of detail on the Hauld error. I think that the Hauld error, as I understand it, is a legal mistake that the district court engaged in by not considering extraordinary and compelling circumstances as part of the 3553A analysis. That would be a legal error under Hauld. My understanding is that what we have in the district court's order is a pretty thorough discussion of these facts underlying the alleged extraordinary and compelling circumstances. But that's not as related to 3553A. Well, Your Honor, 3553A, first of all, I would kind of harken back to this court's standard of review. There is an abuse of discretion standard. So what this court needs to be considering is does it have a definite and firm conviction that those facts... Or legal error. Legal error would satisfy abuse of discretion. That's true. But in this case, you know, we know that the court did consider these facts. It cited and listed the various filings. Page one, it cites the motion. Page two, it cites the nine supplements. Page two, it also summarizes all of the defendant's claims. Page four, it reiterates his claims. Talks about the need for the children to have a caregiver. Talks about the defendant's health. Talks about the pandemic. Then it even recognized that that could well be, you know, a factor under 1B1.13, note one, as an extraordinary and compelling circumstance. The court then, however, said it's not moved, it's not persuaded, as to the 3553A analysis. And I think in Hauld, Hauld was reviewing three different district court decisions. What the district court did here largely tracks what the district courts did in Hauld. And Hauld said that was sufficient. Now, there's three different district court decisions. Sands, Hauld, and Wesley were the three district court decisions at issue in the appeal in Hauld. Sands was the one that provided probably the most detail, but still not very much. It talked about the different medical conditions and the extraordinary and compelling prong. And it said, you know, government even concedes that could be extraordinary and compelling. But it didn't decide it. It said, I'm going to move on to 3553A. Didn't then specifically tie the medical conditions argument to any of the three 3553A factors. Didn't talk about it in the context of the defendant's history and characteristics, any of it. It just made a throwaway argument at the very end. Don't you think that the whole point of compassionate release requires district courts, and this is what Hauld was essentially just articulating. I don't think Hauld was breaking any ground. Hauld was sticking close to the statutory text and purpose in saying that a court doesn't have to go through the motions of ruling on both, you know, if it finds one doesn't satisfy. But if you say, okay, I spot the defendant on extraordinary and compelling, you still have to consider those facts as part of the 3553A analysis, because that's why the defendant is appearing before the court for a second look. Well, I think, first of all, Hauld kind of offered, it presented that discussion really as a caveat. It said, we are not saying that the defendant should just not consider that. It said that those facts are relevant to a 3553A analysis. But it also, you know, provided the context that we have here. Again, the three different district court decisions didn't go into any sort of extensive discussion to use this court's often language. It didn't use magic words. It didn't go in through any ritualistic incantation. And it did not specifically reconsider the facts underlying extraordinary and compelling circumstances as to each 3553A prong. Now, again, as your Honor pointed out, for the waiver issue, defendant himself did not do that. Now, I think it's difficult to say that courts have to consider non-frivolous arguments and then chastise the district court for not considering an argument that was never made. Now, in the defendant's opening brief, he marches through each of these 3553A factors. He says the caregiver analysis goes to A1. The caregiver analysis, you know, it would be punishment to watch his kids grow up in a foster system. Goes to A2. Goes to each of these factors in a way that he just didn't in district court. Could have. So it seems like, if I understand the government's argument, is that you would perhaps agree that there was error under Hauld, but it isn't preserved here. Is that a fair reading of the government's argument? Your Honor, I do not believe that there was error. I would agree that there was waiver. I don't think that the court would even need to Well, then what was waived? If there's no error, what exactly was waived? The argument about Hauld? There's a forfeiture first. So first that the defendant did not present these 3553A factors, the facts as tied to the 3553A analysis. So it's forfeited in district court. Then once it gets up here, an argument that's forfeited in district court is waived on appeal from the Leffler, Richardson. So if there's a waiver, you don't even necessarily have to assume that there is in fact error. And I would argue that there's not error, because that requires us to say that we have a definite and firm conviction that the court did not consider those facts as part of its 3553A analysis. And I think that's hard to do. But the government agrees that Hauld does tell district courts that even if you spot a defendant, extraordinary and compelling circumstances, you still have to consider those under 3553A. You're just saying that Judge Brimmer did that, and if he didn't, that's forfeited. I think Hauld can be read in that way. In that way, yeah. I think Hauld presented it as a caveat, didn't present it as pronouncing a holding, but I do think it can be read that way. But again, what Hauld said was, and actually that argument came up in Franklin Dicta, it said it wasn't even presented, but we're just saying, hey, you can't ignore this stuff. And then it went on to say, even if the argument was made, the district courts in this case did enough. So if you actually look at what the district courts did, it's pretty similar to what happened here. It went through a pretty extensive discussion under the extraordinary and compelling prong. Then, if anything, made a throwaway line in the 3553A analysis. Sands is the one that said at the very end, again, it didn't tie the medical conditions to any of the 3553A factors. It just said, even if he's got these medical conditions, we have a pandemic, the sentence is still sufficient, but not greater than necessary. Hauld, the eponymous district court decision, did even less. And Hauld recognized that hypertension and obesity could well be factors leading to, especially in the context of the COVID pandemic, could well be facts towards an extraordinary and compelling circumstances. Counsel, do you think that under Concepcion, if a district court thinks it presented on compassionate release, a district court thinks the original sentence is still justified under 3553A, it can deny compassionate release under Concepcion without going through any 3553A analysis? So, my reading of Concepcion, it talks about, towards the beginning, it says why it was granting cert. It said that some courts concluded that intervening changes of law, in fact, must be considered. Some courts said it may not be considered, and some courts said it may be considered. I believe under this court's prior precedent, it was under the must category. Concepcion ultimately came down in the may category. It said that rehabilitation, intervening changes of law, intervening changes of fact may be considered by district courts on first-time motions. Did not say must, but it did reiterate that district courts must consider non-frivolous arguments. So, perhaps those two roll into one another. I'm not entirely sure. But Hauld certainly said that, you know, that district courts are not required to march through each 3553A factor, not even required to mention them by name, let alone afford them equal weight. The district court order, in this case, it shows which factors were most important to Judge Ritmer. It's 82A and 82B. It specifically cites those. So, it seems like the district court was focused on factors that supported the original sentence. That seems troubling for this posture. Don't you agree? Your Honor, I think that kind of goes to the defendant's second claim that this was a retrospective analysis. And I don't think it was retrospective for several reasons. First, again, the district court did recognize how much time had been served. Talk about 63% of the sentence. It's not very much when you consider that this was a significant downward variance at the beginning. It was 180 months. Originally, the low end was 262. So, at the end, he is now served 63% of that low sentence. So, that's the first piece that's not retrospective. The second, in discussing the 63%, he specifically referenced good time credits. What is good time credits except for some acknowledgment of good time? That goes to the sense of rehabilitation. It is not spelling out, hey, he only had two infractions. But again, we're not requiring magic words. We're not requiring an apology. We're not requiring that the defendant said he's had time to break old patterns. Well, then the court specifically cited the page and the motion where the defense marched through all of these different rehabilitation factors, that he had been working, that he had gotten a certification, only had the two infractions, that he had been essentially a model inmate. Well, it's hard to see how the court could have quoted from the defense's motion, cited to the page, and then ignored that same sentence. It was clearly aware of the motion. It was aware of it. It considered it. It just didn't go into an extensive analysis, an extensive discussion. And again, Hauld, the Verdin-Garcia case, they don't require it. Verdin-Garcia said that there's a need to consider the 3553A factors in the context of C2 motions. But what's, I think, important there is Verdin-Garcia recognized that 3582, in that case C2, but C1's the same, didn't incorporate 3553C. 3553A is the only provision that's mentioned in those sub-paragraphs. So we don't even have the statement of reasons from 3553C being incorporated into these compassionate release motions. And that's what... I don't want to highlight the need for the district court to say more, but that's just my view. I could not hear that. That the absence of 3553C just actually compels a district court on compassionate release to say more under 3553A. Well, I would disagree, Your Honor. And I think at the very least, Hauld and Verdin-Garcia both say no more is required than it would be at initial sentencing. And at initial sentencing, you know, all that would be required is some general statement of reasons, not some specific recitation of every possible factor or fact that's alleged. Your Honor, I think waiver probably covers the first argument. Again, I don't think a court would engage in some deficient analysis until after the fact. But if you're wanting facts to be considered as part of an analysis, you have to raise those facts. You mean forfeiture, right? I mean forfeiture and failure to argue plain error? I would say forfeiture, yeah, exactly. Forfeiture at the district court level didn't argue plain error, therefore it's waived at this level. And as to the second argument, the Concepcion, Concepcion says it may be considered, doesn't say must. And it's clear that a retrospective analysis was not conducted for the various reasons I outlined. Again, Your Honor, this court is not in the business of grading papers. I do think that's what's being asked for here. No magic words are required. And I think this order shows that the court did consider the defendant's arguments. It's a big continuum from saying nothing to a 20-page epistle saying everything. And I think this is definitely a passing grade. Thank you. Thank you, counsel. Mr. Kline has some rebuttal. Thank you. I just want to touch on a few points the government counsel made. And one thing the government argues that the district court here did what Hald did. And I don't think it's our argument under Concepcion or Hald that a district court needs to go through a point by point analysis. But what this court cited to the Hald court doing, or the Hald and Sands courts doing, was to show something that there was a consideration of the facts underlying the extraordinary and compelling circumstances in the context of the 35-55 3A analysis. And this court quoted just a single sentence from the district court orders. And this is at page 947 of the Hald opinion, where the court quotes the district court order in Hald, which said, at this point, defendant has served approximately half of his sentence as he served 104 months. Reducing his sentence by half, even during the ongoing COVID-19 pandemic, does not further sentencing objectives. The court remains convinced that 210 months is an appropriate sentence. And this court emphasized the reference to the ongoing COVID-19 pandemic. And then it's a similar thing. I won't read it for Sands. And so even it might be a single sentence, just showing that the district court considered the facts giving rise to the extraordinary and compelling circumstances, that I think would be sufficient. And whether under a conception, it would be, I can't say. But what I can say is, we don't have that here. And so what we have is the district court's order was very clear on page 4 of the order, which is page 99 of volume 1, where it talked about Mr. Bradley's arguments and talked about incapacitation of the caregiver being a category under the guidelines. And it did that only kind of as a setup to then saying, but I'm not even going to consider whether there's extraordinary and compelling circumstances because the 3553A factors don't support a sentence reduction. So... Mr. Quinn, do you think the reason the district court did that is because of the way the case was presented in the district court by the defense counsel? I don't think so. Because again, especially when it comes to the amount of time served, that argument specifically was tied to the need to care for his children. And I think that... I mean, in Hull, there's... In Hull, the court didn't actually decide. This just talks about it. But there's no indication that the Hull defendants had made these arguments specifically in this manner. And I don't want to overstate what Hull held because Hull didn't get into the preservation analysis. And then on the second, the kind of the Concepcion and Pepper analysis, again, even I think when the government points to the district court saying, referencing this time to break old patterns, it only did that, though, kind of in the context of then looking back at whether the original sentence was appropriate, saying, well, he had prior convictions that didn't stop him from committing this crime. And so there was no... There was no request, at least in the district court's order, of any consideration of post-sentencing rehabilitation. So unless the court has other questions, we would ask that the court reverse and remand. Thank you, counsel. We appreciate the arguments this morning. And the case is submitted. And the court will be in recess until 9 o'clock tomorrow morning.